**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30006 |
| Plaintiff - Appellee, | D.C. No. CR-13-32-GF-BMM |
| v. | |
| JOSEPH CHRISTOPHER BIRDTAIL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Submitted March 6, 2015**
Portland, Oregon

Before: PAEZ and IKUTA, Circuit Judges, and SELNA, District Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral  argument.  *See* Fed. R App. 34(a)(2).

\*\*\*      The Honorable James V. Selna, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

Defendant-Appellant Joseph Christopher Birdtail pled guilty to abusive sexual contact, 18 U.S.C. § 2244(a)(5). He appeals his mid-Guidelines range sentence of 264 months of incarceration followed by supervised release for life. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.      The district court used the guideline for the crime of conviction, U.S.S.G. § 2A3.4, which contains a cross-reference to § 2A3.1. Application of the cross-reference did not increase the penalty beyond the prescribed statutory maximum for the crime of conviction, which is life imprisonment. Thus, the principles of *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) are inapplicable. Any error in applying the cross-reference based on a fact not admitted to by Birdtail, but supported by evidence at the sentencing hearing, is harmless because the district court applied a repeat sexual offender enhancement which carried a higher Guidelines sentencing range—235 to 293 months—than that under the cross-reference—168 to 210 months. *See Williams v. United States*, 503 U.S. 193, 203 (1992).

2.      The district court did not err in relying on Birdtail's prior Montana state conviction to apply the repeat sexual offender enhancement under U.S.S.G. § 4B1.5. A prior conviction may be considered as a sentencing factor, *Almendarez-Torres v. United States*, 523 U.S. 224, 243–44 (1998), and *Apprendi* does not

2

preclude a district court from so doing. *Apprendi*, 530 U.S. at 490 ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."); *Alleyne v. United States*, 133 S. Ct. 2151, 2160 n.1 (2013); *United States v. Grajeda*, 581 F.3d 1186, 1197 (9th Cir. 2009). Whether measured by a preponderance of the evidence or by the clear and convincing evidence standard, the presentence report was sufficient evidence of Birdtail's prior conviction. *See United States v. Romero-Rendon*, 220 F.3d 1159, 1163 (9th Cir. 2000); *United States v. Marin-Cuevas*, 147 F.3d 889, 894–95 (9th Cir. 1998). Birdtail does not dispute that he was previously convicted as set forth by the PSR.

3. There is nothing to suggest that the sentence is substantively unreasonable. The district court considered the totality of the circumstances, including all the factors in 18 U.S.C. § 3553(a), to impose a mid-Guidelines range sentence when the statutory maximum was life imprisonment, 18 U.S.C. § 2244(a)(5). *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008); *United States v. Cherer*, 513 F.3d 1150, 1160 (9th Cir. 2008).

**AFFIRMED.**

3